FILED

JUN 1 6 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR AVILA-NAJERA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Cr. No. 11-3853GT<br>Cv. No. 14-1376GT<br><br>**ORDER** |

On June 2, 2014, Petitioner, Edgar Avila-Najera ("Mr. Avila"), filed a Request For Relief And/Or Immediate Release/Deportation ("Request"). The Court has fully considered this matter, including a review of Mr. Avila's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Avila's Request is **DENIED**.

First, Mr. Avila pled guilty, pursuant to a written plea agreement, to one count of Attempted Rentry, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Avila explicitly waived his right to appeal and/or collaterally attack his conviction or sentence, as well as his violation of supervised release. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. See, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Avila expressly waived his statutory right

to appeal or collaterally attack his sentence and his supervised release violation in his plea agreement, Mr. Avila is now precluded from challenging that sentence or supervised release violation pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Avila had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Avila requests that his supervised release violation be resolved immediately. However, his supervised release violation is in the Central District of California and not the Southern District. This Court is without jurisdiction over his supervised release. Additionally, his request for a reduction in his sentence because it is "harsh and lengthy" is not sufficient to state a claim under § 2255. Accordingly,

**IT IS ORDERED** that Mr. Avila's Request for Relief is **DENIED.**

**IT IS SO ORDERED.**

6-15-15
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties